**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE PRICE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-2868** |
| **NEW ORLEANS POLICE DEPARTMENT, ET AL.** | **SECTION  "N " (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C), 1915e(2), and 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    **Factual Summary**

Price is an inmate currently housed in the Elayn Hunt Correctional Center, in St. Gabriel, Louisiana.[1]  He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the New Orleans Police Department, Steven Keller, Warren Keller, John Barbetti, and a police dog.

Price alleges that on April 29, 2007, he was a victim of police brutality and racism.  After leaving the Bull Dog Lounge, he walked on the Canal Boulevard side of the street for the bus.  Price contends that while waiting for the bus, two white officers, Warren and Steven Keller, were

---

[1]Rec. Doc. No. 2.

intoxicated and asked him "crazy" questions such as "what your black ass doing around hear? [sic]"[2] They also asked him what was he looking at and Price responded nothing.  He alleges that they came closer and then began punching him.  After Price tried to defend himself, he started running.  Subsequently, Officer John Barbetti arrived at the scene in unmarked, Crown Victoria vehicle.  He alleges that Barbetti was also drunk as he had just come out of the Bull Dog Lounge.  Barbetti, allegedly ran over Price with his car.  Price contends that he was eventually handcuffed and pinned faced down. Price also contends that Barbetti lied about the events of the evening.

As a result of the actions of the officers, Price suffered a mild concussion, two black eyes, and a broken nose.  He also alleges that he sustained injuries to his head, abrasions to his left knee and shoulder, and possibly a dog bite.

Price seeks a judgment of $500 million against the Police Department, $5 million dollars against each officer, and $20 million against the police dog.[3]  He also seeks damages for the pain and suffering, and mental anguish he experienced as a result of this incident.

Price signed the subject petition on December 11, 2008, and it was docketed and Price was deemed a pauper on March 4, 2009.  Upon review of the Petition, the complaint is subject to dismissal for the reasons set forth below.

---

[2]Rec. Doc. No. 2, p. 3.

[3]The Court notes that the unnamed police dog was not included in the caption of Price's Complaint, nor was the dog included in the list of Defendants.  Instead, Price merely included the police dog in the damages portion of his Complaint.  To the extent that Price intended on naming the police dog as a Defendant in the instant suit, the Court notes that Section 1983 applies only to a "person" who acts under color of state law.  *See* 1. U.S.C.§ 1 (defining the word 'person' to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals" but not dogs or other animals); *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir. 2001)(plaintiff alleging excessive force at arrest cannot sue police dog as dog is not a proper defendant in § 1983 litigation); *Banks v. Hall,* 2010 WL 572879, at * 5 (D.N.H. Feb. 5, 2010); *Smith v. P.O. Canine Dogs Chas*, 2004 WL 2202564, at * 6-7 (S.D.N.Y. Sept. 28, 2005)(police dog is not a person under § 1983); *Fitzgerald v. McKenna*, 1996, WL 715531 at * 7 (S.D.N.Y. Dec. 11, 1996)(denying attempt to maintain § 1983 action against police dog because "animals lack capacity to be sued").

## II.        Standards of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds; Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

Further, the United States Fifth Circuit Court of Appeals has held that, when reviewing *pro se* complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint, and consider material subsequently filed as amendments to that complaint.  *Howard v.*

*King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In the prisoner

context, in *Taylor v. Gibson*, 529 F.2d 709 (5th Cir.1976), the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses  [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Id*., 529 F.2d at 713-14;  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## III.   <u>Analysis</u>

Price alleges that the claims raised in this complaint arise out of the above-described

incidents which occurred on April 29, 2007. As part of its frivolous review, the Court will consider

whether Price's complaint was timely filed.

Because there is no federal statute of limitations for § 1983 claims, the district court looks

to the forum state's statute of limitations for personal injury claims.  *Board of Regents of Univ. of*

*New York v. Tomanio*, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); *Wilson v. Garcia*, 471

U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); *Jacobsen*

*v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th

Cir. 1994)).  In Louisiana, personal injury claims are governed by La. Civ. Code Art. 3492, which

provides for a prescriptive period of one year from the date of injury or damage.[4]  *See Jacobsen*, 133

F.3d at 319 (citing  *Elzy v. Roberson*,  868 F.2d 793, 794 (5th Cir. 1989)).

For purposes of calculating the limitations period, a § 1983 cause of action accrues when the

plaintiff knows or has reason to know of the injury which forms the basis of his action.  *Id*., at 319;

---

[4]Article 3492 provides that: "[d]elictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained.  It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

*Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  In this case, Price's cause of action arises out of a beating which occurred on April 29, 2007.  Applying the prescriptive period, Price had one year from that date, or until April 29, 2008 , to timely file his § 1983 petition.

The record in this case reflects that Price's complaint was filed by the Clerk of Court on March 4, 2009, when pauper status was granted.  In the *pro se* prisoner context, however, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitations purposes.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *see also Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993) (pro se prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing).  In this case, Price submitted his handwritten complaint on December 11, 2008.

As noted above, Price's claims brought in this § 1983 action accrued by April 29, 2007.  Price had one-year from that date, or until April 29, 2008, to file his suit in accordance with La. Civ. Code art. 3492 as applicable to § 1983 *et seq*.  He did not do so.

Therefore, Price's petition deemed filed on December 11, 2008, was not filed within the one-year period required by law.  His complaint should be dismissed as frivolous for that reason.

## IV.    <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Price's § 1983 claims against the New Orleans Police Department, Steven Keller, Warren Keller, and John Barbetti be **DISMISSED WITH PREJUDICE** as frivolous because it is time-barred pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 24th day of January, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

6